UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARLON K. GOLDSON,

                              Plaintiff,                                *COMPLAINT*

              -against-                                        <u>PLAINTIFF
                                                                                       DEMANDS
                                                                                       TRIAL BY JURY</u>

LONG ISLAND RAIL ROAD COMPANY,

                              Defendant.
------------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO PLLC, respectfully alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff was employed by defendant LONG ISLAND RAIL ROAD COMPANY (LIRR), as a LIRR master mechanic employed in the LIRR Maintenance of Equipment Department.

2. At all times hereinafter mentioned, plaintiff was in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, the LIRR was a was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## Jurisdiction

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331, Federal Question.

## LIABILITY

7. That at all times hereinafter mentioned, defendant owned, operated, managed and controlled the LIRR Richmond Hill Sheridan Shop, Queens County, New York, hereinafter RICHMOND HILL.

8. That at all times hereinafter mentioned, defendant operated, managed and controlled the train tracks, track switches and railroad cars on said train tracks, in RICHMOND HILL.

9. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled LIRR C3 4077.

10. That on May 22, 2024, while plaintiff attempted to move a coupler assembly on LIRR C3 4077, the device failed to operate safely and or properly, resulting in plaintiff sustaining the injuries hereinafter set forth.

11. Upon information and belief, the aforesaid occurrence was due to the violation by the LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

12. Upon information and belief, the aforesaid occurrence was due to the violation by the LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety Appliances, 49 USCA Chapter 203, Sections 20301, 20302 et seq., commonly known as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

13. Upon information and belief, the aforesaid occurrence was to the violation of the Federal Employers' Liability Act, Chapters 1 & 2 in that the LIRR was careless and negligent, in causing, permitting and allowing an unsafe work place, unsafe couplers on the vehicles with which to work, in failing to inspect, repair and keep in repair the coupler, such that it failed to uncouple with use of the uncoupling lever from outside, in causing, permitting and allowing the coupler, and its parts and appurtenances, to be, become, and remain improperly inspected, maintained, repaired, unsafe, perilous,

3

hazardous, and inefficient for the designated use; in failing to provide proper tools and training, in failing to warn, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff.

## **INJURIES**

14. That as a result of the foregoing, plaintiff sustained injuries to his right elbow, arm, and body, shock to his nervous system and, has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, health care treatment and has and will incur expenses for medical, health care providers and health care treatment; and from time to time, has been, is and will be confined to home as a result thereof; plaintiff has lost, is losing, and will lose time from employment, employment earnings, and/or employment perquisites; ; all to plaintiff's damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and losses.

WHEREFORE, plaintiff demands judgment against the defendant in a sum to be determined at jury trial that will fairly and adequately make the plaintiff whole for said harms, injuries, and losses, together with the costs and disbursements of this action.

July 3, 2025
New York, New York

**FLYNN & LAURIELLO PLLC**
**Attorneys for Plaintiff**

BY *Valerie J. Lauriello*
VALERIE J. LAURIELLO
Attorney at Law
Office & P.O. Address
5 Penn Plaza – 23rd Floor
New York, New York 10001
Tel. 212-896-3812
Fax 866-855-3813